UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-0125-CVE |
| ) | |
| JOSEPH LAWRENCE GREGORY ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion for Continuance of Pre-Trial and Trial Dates, Extension of Deadlines (Dkt. # 11). Defendant requests a 60 day extension of all deadlines in the scheduling order, including the jury trial set for September 15, 2008 at 9:30 a.m, because defense counsel will be out of state from August 8 to August 18, 2008 and he will not be able to fully prepare for a September trial date. Defendant also argues that the government has provided a significant amount of discovery and, due to the complexity of the case, a 60 day continuance is warranted. Defendant has filed a speedy trial waiver, but the waiver does not specify the period of time for defendant waives his speedy trial rights. Dkt. # 12. The government objects to defendant's request for a 60 day continuance but does not object to a 30 day continuance of all deadlines.

Defendant's request for a continuance falls under § 3161(h)(8)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest

of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(8)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

Defense counsel states that he will be out of state between August 8 and August 18, 2008 and, due to the volume of discovery, he will be unable to prepare for a September trial date. The Court may authorize a continuance of the trial date to provide defense counsel additional time to prepare for trial under some circumstances. 18 U.S.C. § 3161(h)(8). However, under Williams, the Court finds that defendant's request for 60 day extension of time is excessive. Williams, 511 F.3d at 1048-49. The Court finds that a 30 day extension of all deadlines will give defense counsel sufficient time to prepare for trial without impairing defendant's right to a speedy trial or any defenses he may raise at trial.[1] In addition to the interests of the defense counsel and defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

---

[1] The Court notes that defendant's speedy trial waiver does not expressly state the length of time for which he waives his right to a speedy trial. Dkt. # 12. The Supreme Court and Tenth Circuit have rejected the use of prospective and open-ended speedy trial waivers. Zedner v. United States, 547 U.S. 489, 502 (2006); Williams, 511 F.3d at 1054-55. In this case, the Court will treat defendant's waiver as a request to continue the trial to the next-available jury trial docket rather than an open-ended waiver of his rights under the Speedy Trial Act. However, even if defendant specifically waived his speedy trial rights for 60 days, the Court would still find a 60 extension of deadlines to be unwarranted.

**IT IS THEREFORE ORDERED** that defendant's Motion for Continuance of Pre-Trial and Trial Dates, Extension of Deadlines (Dkt. # 11) is **granted in part** and **denied in part**. The jury trial set for September 15, 2008 at 9:30 a.m. is **stricken**, and **jury trial is reset for October 20, 2008 at 9:30 a.m. Pretrial conference is reset for October 2, 2008 at 10:00 a.m.** Motions are due on September 4, 2008, and responses are due on September 18, 2008. Voir dire, jury instructions, and trial briefs are due on October 14, 2008.

**IT IS FURTHER ORDERED** that the time between September 15, 2008 and October 20, 2008 is excludable pursuant to 18 U.S.C. § 3161(h)(8).

**DATED** this 12th day of August, 2008.

*[Signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT