UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-0125-CVE |
| ) | |
| JOSEPH LAWRENCE GREGORY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion for Continuance of Trial (Dkt. # 22). Defendant requests a continuance of the jury trial set for October 20, 2008 at 9:30 a.m, because defendant has angioplasty surgery scheduled on October 20, 2008 and he intends to schedule surgery to remove a mass from his neck within the next six weeks.[1] Defendant has filed a speedy trial waiver, but the waiver does not specify the period of time for which defendant waives his speedy trial rights.[2] The government does not object to defendant's motion.

Defendant's request for a continuance falls under §§ 3161(h)(8)(A) and (h)(4) of the Speedy Trial Act. Section 3161(h)(8)(A) permits a federal district court to exclude any period of delay

---

[1] In his motion, defendant states that he is scheduled to have a mass removed within the next eight weeks. However, the medical records submitted by defendant show that his doctor recommends removal of the mass within the next month or six weeks. Id., Ex. B.

[2] The Court notes that defendant's speedy trial waiver does not expressly state the length of time for which he waives his right to a speedy trial. Dkt. # 22, Ex. C. The Supreme Court and Tenth Circuit have rejected the use of prospective and open-ended speedy trial waivers. Zedner v. United States, 547 U.S. 489, 502 (2006); United States v. Williams, 511 F.3d 1044, 1054-55 (10th Cir. 2007). In this case, the Court will treat defendant's waiver as a request to continue the trial to the next-available jury trial docket rather than an open-ended waiver of his rights under the Speedy Trial Act.

resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(8)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." Williams, 511 F.3d at 1048-49. Section 3161(h)(4) of the Speedy Trial Act permits a court to exclude "[a]ny period of delay resulting from the fact that the defendant is . . . physically unable to stand trial." This exclusion applies automatically and does not require a finding by the Court concerning the reasonableness of the delay. Henderson v. United States, 476 U.S. 321, 330 (1986); United States v. Vasquez, 918 F.2d 329, 333 (2d Cir. 1990).

Defendant is scheduled to undergo angioplasty surgery on the first day of trial and he intends to have surgery to remove a mass from his neck within 6 weeks. However, defendant has filed an open-ended speedy trial waiver and his motion does not specify the length of his requested continuance. It is reasonable to conclude that defendant will be unable to stand trial on October 20, 2008, due to his scheduled surgery, and defendant's physical condition is a relevant consideration when determining whether to grant his motion for continuance. See United States v. Lord, 565 F.2d 831, 840 (2d Cir. 1977); United States v. Robinson, 731 F. Supp. 1343, 1346 (S.D. Ill. 1989). Defendant's motion does not suggest what period of time he will need to recover from his

angioplasty surgery, but the letter from his cardiologist states that he will be released on an outpatient basis or held no more than 23 hours for observation. Dkt. # 22, Ex. A. Allowing for some recovery time, it is not unreasonable to assume that defendant should be prepared to stand trial on the next available jury trial docket set for November 17, 2008. The records provided by defendant concerning his proposed neck surgery do not suggest that this will be a major surgery nor has defendant provided any reason why this surgery could not be scheduled within the next month.

Considering the circumstances, the Court finds that requiring defendant to stand trial on October 20, 2008 would deny him the opportunity to prepare for trial and could impair his ability to assist in his own defense due to his physical condition. A limited ends of justice continuance is necessary to ensure that defendant is physically capable of standing trial and assisting in his defense. The Court is concerned that a legitimate question could be raised about the propriety of proceeding when a defendant is scheduled for an angioplasty on the opening day of trial, because this calls into question his physical fitness and his ability to deal with stress caused by a criminal trial. Therefore, a one month continuance of the trial date should be granted to ensure defendant's physical health to stand trial, and trial will be reset for November 17, 2008. The period of time between the current trial date, October 20, 2008, and the new trial date, November 17, 2008, is excludable under § 3161(h)(8), but this time is also excludable under § 3161(h)(4) due to defendant's physical inability to stand trial. In addition to the interests of the parties, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters. Defendant is advised that he should schedule all of his medical procedures within the next month and be prepared to stand trial on November 17, 2008, because no further continuances of the trial date shall be granted.

**IT IS THEREFORE ORDERED** that defendant's Motion for Continuance of Trial (Dkt. # 22) is **granted in part**. The jury trial set for October 20, 2008 at 9:30 a.m. is **stricken**, and **jury trial is reset for November 17, 2008 at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the time between October 20, 2008 and November 17, 2008 is excludable pursuant to 18 U.S.C. § 3161(h)(8) and (h)(4).

**DATED** this 16th day of October, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT